IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Andrew Olson,

        Plaintiff

vs.                                                                Case No.

E Check, Inc.,

        Defendant

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Andrew Olson ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Otero, and City of High Rolls.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, E Check, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with an attempt to collect an alleged debt from Plaintiff, Defendant contacted a third party for purposes other than obtaining location information.

12. Defendant's collector made a telephone call to Plaintiff's landlord and told them that he thought they should know that Plaintiff was bouncing checks

and that he was going to stop paying them and move out of his home.  (§ 1692b & § 1692c(b)).

13. In connection with an attempt to collect an alleged debt from Plaintiff, Defendant provided its identity to a third party without such information being expressly requested.

14. Defendant's collector disclosed to Plaintiff's landlord Defendant's name without being prompted to do so. (§ 1692b(1) & § 1692c(b)).

15. Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff.

16. Defendant's collector told Plaintiff's landlord that he owed them money and was in the habit of bouncing checks. (§ 1692b(2) & § 1692c(b)).

17. Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector.

18. Defendant's collector left a message for Plaintiff during which it did not state that it was calling from E Check for the purposes of collecting a debt.  (§ 1692e(11)).

19. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including misrepresenting that they were calling from the "City of Ruidoso" (§ 1692e(10).

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental aguish and/or emotional distress.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23.         Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,

s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff